**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LARETA MIRZADJANYAN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>LTD FINANCIAL SERVICES LIMITED PARTNERSHIP<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff LARETA MIRZADJANYAN (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Cohen & Mizrahi LLP, against Defendant LTD FINANCIAL SERVICES LIMITED PARTNERSHIP ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws…

[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.*; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.*; § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using a misleading, deceptive, unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 *et seq.*, of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York and is a "Consumer" as defined by 15 U.S.C. §1692a(3).

9. Defendant is a collection agency with its principal office located in Houston, Texas.

10. Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if set forth at length herein.

13. Plaintiff brings claims, pursuant to the Fed. R. Civ. P. 23(a) and 23(b)(3), individually and on behalf of the following consumer class (the "Class").

14. The Class consists of (a) all individuals with addresses in Kings County in the State of New York (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt (d) failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of the debt (e) which letter was sent on or after a date one year prior to filing this action and on or before a date 21 days after filing this action.

15. The identities of all Class members are readily ascertainable from Defendant's records and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

17. There are questions of law and fact common to the Class, which common issues

predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1962e.

18. The Plaintiff's claims are typical of the Class members, as all are based upon the same facts and legal theories.

19. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience handling in consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23 because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1692e.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the Class members. The Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of

4

herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interest that are adverse to the absent Class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense.

21. Certification of a class under Fed. R. Civ. P. 23(b)(3) is also appropriate in that the questions of law and fact are common to all members of the Class and predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### ALLEGATIONS PARTICULAR TO LARETA MIRZADJANYAN

23. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if set forth at length herein.

24. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, facsimile, and internet.

25. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a collection letter to Plaintiff seeking to collect on an unpaid account originally owed to Barclays Bank Delaware.

26. On or about July 8, 2018, Defendant sent Plaintiff a collection letter (the "Collection Letter") seeking to collect a balance allegedly incurred for personal purposes. A copy of the Collection Letter is attached hereto and incorporated herein as **Exhibit A**.

27. The Collection Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

28. The Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

29. Upon information and belief, Defendant's Collection Letter is a form letter.

30. Upon information and belief, the Defendant's Collection Letter is identical to other collection letters sent to consumers, which number in the hundreds.

31. The Collection Letter provides, in pertinent part, as follows:

> "Total amount of the debt due as of Charge-off
> $8,341.50
> Total amount of Interest Accrued Since Charge-off:
> $0.00
> Total amount of Non-Interest Charges or Fees
> Accrued Since Charge-off: $0.00".

32. As a result of the following counts Defendant violated the FDCPA.

**First Count**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10) and 1692e(5)**
**False or Misleading Representations**

6

33. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if set forth at length herein.

34. 15 U.S.C. § 1692e provides, in pertinent part, as follows:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (2) the false representation of –
> >
> > > (A) the character, amount, or legal status of any debt; or…
> >
> > (5) the threat to take any action that cannot legally be taken or that is not intended to be taken
> >
> > (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

35. The Collection Letter provides, in pertinent part, as follows:

> " Total amount of the debt due as of Charge-off $8,341.50
> Total amount of Interest Accrued Since Charge-off: $0.00
> Total amount of Non-Interest Charges or Fees Accrued Since Charge-off: $0.00".

36. The least sophisticated consumer would understand that charges and fees would begin to accrue on the account if she did not pay.

37. However, no such interest and fees were accruing on the account.

38. Furthermore, the Defendant was not contractually entitled to interest and fees.

39. The Defendant never intended to add any interest and fees to Plaintiff's account.

40. The Defendant misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely implied charges fees could accrue on the account.

41. Defendant further threatened to take an action it did not intend to take, in violation of 15 U.S.C. § 1692e(5), when it implied it would add interest, fees, and other non-interest charges or fees to Plaintiff's alleged debt.

42. Defendant could have avoided any confusion by not listing charges, fees, and other non-interest charges or fees in its Collection Letter at all by providing "N/A." See *Wood v. Allied Interstate, LLC*, No.: 1-17-cv-04921 (N.D. Ill. Jun. 30, 2017) ("[B]y stating that fees and collection costs stood at '$0.00,' instead of stating something like 'N/A' or declining to mention fees and collection costs at all, the letter reasonably could be read to imply that such charges would begin to accrue if Wood did not pay the debt. Why, after all, would Allied include a column for fees and collection charges, and insert a dollar figure ($0.00), if not to suggest that such fees and costs might accrue in the future?")

43. Plaintiff suffered an injury in fact by being subjected to unfair and abusive practices of the Defendant.

44. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

45. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

46. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

47. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

48. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

49. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights. The FDPCA enables consumers to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. One purpose of the FDPCA, among others, is to provide information that helps consumers choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits. As a result, Defendant's materially misleading statements trigger liability under § 1692e of the FDCPA.

50. Defendant's deceptive communications additionally violate the FDPCA since they frustrate the consumer's ability to intelligently choose his or her response.

51. As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered, including, without limitation, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury.

52. As a result of the foregoing Count, Defendant violated the FDCPA.

**Second Count**
**15 U.S.C. §1692e**
**False and Misleading Representations**

53. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54. On or about August 08, 2018, Plaintiff called Defendant to inquire about and dispute the alleged Debt.

55. A representative of Defendant answered the telephone and Plaintiff stated that she wanted to dispute the Debt.

56. Defendant's representative refused to take Plaintiff's oral dispute and instead proceeded to ask

Plaintiff is she wanted to settle the debt.

57. Plaintiff again stated that she wanted to dispute the Debt and, instead of accepting the dispute, Defendant's representative transferred Plaintiff's call to a supervisor.

58. Plaintiff profusely stated that she wanted to dispute the Debt with the supervisor who refused to dispute the Debt.

59. Instead of accepting the dispute, Defendant, through a supervisor, continued to discuss the Debt and asked Plaintiff about her reasons for disputing the debt and if she wants to settle the debt.

60. Plaintiff gave her reasons for disputing the debt and told Defendant that she did not want to settle the debt.

61. Despite Plaintiff's numerous attempts at disputing the alleged debt, Defendant did not accept Plaintiff's dispute.

62. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated § 1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of a debt.

63. The FDCPA allows the consumer to orally dispute a debt.  See, *Brady v. The Credit Recovery Company, Inc*., 160 F.3d 64 (1st Cir. 1998)(The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time); *Register v. Reiner, Reiner & Bendett, P.C.*, 488 F.Supp.2d 143 (D.Conn. 2007); *Vega v. Credit Bureau Enters*., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005); *Nasca v. GC Servs. Ltd. P'ship*, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002); *In re Risk Mgmt. Alternatives, Inc*., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002); *Castro v. ARS Nat'l Servs., Inc*., No. 99 CIV. 4596,

2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Ong v. Am. Collections Enter.*, No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999).

64. Defendant is required to accept Plaintiff's oral dispute over the telephone. *Hooks v. Forman, Holt, Eliades & Ravin, L.L.C.*, 717 F.3d 282 (2d Cir. 2013); *Abramov v. I.C. Sys., Inc.*, 54 F. Supp. 3d 270 (E.D.N.Y. 2014).

65. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. See, *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001).

66. A consumer's right to dispute a debt even without a valid reason is clearly conferred by the FDCPA. See, *Hoffman v. Partners in Collections, Inc.*, No. 93 C 4182, 1993 WL 358158, at *4 (N.D. Ill. Sept. 14, 1993).

67. Defendant failed to accept Plaintiff's oral dispute.

68. After Plaintiff's attempt to dispute the Debt, Defendant continued to assume that Plaintiff's Debt was still valid.

69. Plaintiff's oral dispute overcomes Defendant's assumption of the validity of the Debt.

70. Defendant unilaterally denied Plaintiff's oral dispute.

71. Defendant violated § 1692e by not accepting Plaintiff's dispute over the telephone.

72. Defendant further violated § 1692e by requiring a reason for the dispute.

73. Defendant even further violated § 1692e by unilaterally deciding that the dispute was not valid.

74. Upon information and belief, Defendant and its employees, as a matter of procedural practice and pattern never intended to follow through with the validation rights they purportedly provide in the initial communication.

75. Upon information and belief, Defendant and its employees, intentionally denied Plaintiff his

11

dispute rights afforded to her under the FDCPA.

76. Upon information and belief, Defendant and its employees wrongfully failed to accept Plaintiff's oral dispute.

77. Upon information and belief, Defendant and its employees, wrongfully implied to Plaintiff that a dispute needs to be deemed valid in order for it to be considered a dispute.

78. Upon information and belief, Defendant and its employee, by intentionally denying Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

79. Defendant's employees who spoke with Plaintiff intended to speak said words to Plaintiff.

80. The acts and omissions of Defendant and its employees done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

81. Upon information and belief, Defendant and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by Defendant purportedly in the validation notice.

82. As an actual and proximate result of the acts and omissions of Defendant and its employees, Plaintiff has suffered actual damages and injury, including, without limitation, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by a jury at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and

...

certifying Plaintiff as Class representative and Cohen & Mizrahi LLP, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

**COHEN & MIZRAHI LLP**

Dated: Brooklyn, New York
August 31, 2018

By: /s/ Daniel C. Cohen
Daniel C. Cohen, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza W, 12th floor
Brooklyn, New York 11201
Phone: (929) 575-4175
Fax:   (929) 575-4195
Email: dan@cml.legal
*Attorneys for Plaintiff*

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Daniel C. Cohen*
Daniel C. Cohen, Esq.